**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bernard CUNNINGHAM, Defendant–**
**Appellant.**

**No. 04–40016.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Jan. 4, 2005.

Mitchel Neurock, Laredo, TX, for Plaintiff–Appellee.

---

James Lee Turner, Assistant U.S. Attorney, Myrna G. Montemayor, Houston, TX, Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, for Defendant–Appellant.

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM: *

Following a jury trial, Bernard Cunningham was convicted of one charge of possession of more than one hundred kilograms of marijuana with intent to distribute. The district court sentenced him to serve eighty-four months in prison and a five-year term of supervised release.

Cunningham argues that plain error resulted from the admission of testimony concerning an offer to transport drugs. He argues that this testimony amounts to hearsay and does not fall under the exception to the hearsay rule for coconspirator statements embodied in FED.R.EVID. 801(d)(2). The disputed testimony does not amount to hearsay, as it concerns a question or inquiry. *See United States v. Lewis,* 902 F.2d 1176, 1179 (5th Cir.1990). Cunningham has not shown plain error in connection with the admission of the disputed testimony.

Cunningham also contends that the statute of conviction, 21 U.S.C. § 841, is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is, as he concedes, unavailing. *See United States v. Slaughter,* 238 F.3d 580 (5th Cir. 2000).

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Cunningham has not shown reversible error in connection with his conviction and sentence. Accordingly, the judgment of the district court is **AFFIRMED.**

the limited circumstances set forth in 5TH CIR. R. 47.5.4.